## SUPREME COURT.

### GILCHRIST agt. STEVENSON.

In an equity suit, commenced before the Code, the mode of reviewing a decision of a single judge since the Code of 1851, is by an appeal, and not by rehearing. And the practice under the Code of 1851, and the amendment of 1852, applies to suits commenced before the 1st day of July 1848.

Exceptions to a decision of the judge, filed after notice of the judgment, allowed to be incorporated into the record.

The practice under § 268 of the Code, considered.

*Saratoga Special Term, June* 1852. This cause was commenced in May 1848, and was tried at the Washington county circuit, before Mr. Justice WILLARD, June 1851. The decision was filed January 1852, but before filing that, the judge directed a case to be made containing the evidence, which was duly settled, and finally incorporated into the record. The decision was filed and judgment entered up, January 23d, 1852, and notice thereof given February 7, 1852; and on the 16th of February 1852, exceptions were made, filed and served by the defendant's solicitor to the decision of the court. Some orders to stay proceedings had been obtained by defendant, and he attempted to make one or two motions before, but failed because the judge holding the court could not hear them, Defendant now moved to have the exceptions incorporated into the judgment roll, to

have the case resettled and turned into a bill of exceptions, and the same signed and sealed by the judge, and for relief generally.

I. W. THOMPSON, *for the Motion.*

E. H. ROSEKRANS, *for Defendant.*

HAND, Justice.—This cause was tried before, but the judgment entered after, the Code of 1851 took effect, and before the amendments of 1852 became law. These acts are very obscure in relation to a trial by the court; but I am inclined to think that on the trial of questions of fact by the court, the decision filed by the judge should distinctly pass upon, and find all the mterial issues presented by the pleadings. If the complaint set up only general allegations of indebtedness, perhaps it would be sufficient to find, generally, indebtedness to a certain amount, notwithstanding several grounds of indebtedness were alleged. But unless the decision finds all the facts distinctly traversed, and put in a traversable form, it will be very difficult for the parties to know and protect their rights in any future suit; and the record must necessarily be imperfect. Probably, if no objection is made to a decision, finding the result in a general form, particularly in actions in which a general verdict could be given (§ 216), the appellate court would not consider the omission fatal. A party may have the facts found by the judge stated in a case; but it seems reasonable, as well as analagous to all former practice, that the issues should also be found, particularly in cases of common law jurisdiction, and when required by either party. And besides, the finding of facts in the case may be a very different thing from finding the issues, and is more like the finding of facts by referees. If the decision and judgment are contrary to the legal effect of the case as admitted by the pleadings, I think the objection can be taken without a case, and perhaps without exceptions, if the point be passed upon in the court below (Lake vs. Gibson, 2 *Comst.* 188). And a party may also within ten days after notice of judgment, except to decisions on matters of law, arising upon the trial, in the same manner and with the same effect, as upon a trial by a jury (*Code,* § 268). It is not clear what are the nature and office of these exceptions.

Gilchrist agt. Stevenson.

By the next paragraph of the section, " either party desiring a review upon the evidence appearing on the trial, either of the questions of fact or of law," may make a case or exceptions in like manner as upon a trial by a jury, except that the judge in settling the ' case,' must briefly specify the facts found by him; and his conclusions of law. This case, or the exceptions, must be made within ten days after notice of judgment, or within such time as prescribed by the rules of the court. The exceptions in these two cases, it would seem, are not the same. In one case, they must be made in ten days; in the other, within that time, or within the time prescribed by the rules. Nothing is said about a review upon the facts or evidence by the former; the latter exceptions certainly should be accompanied by a statement of the facts out of which the question of law arose (Price vs. Powell, 3 *Comst.* 322). Both merely raise questions of law; a review of the facts and evidence being the office of a case. Upon a case, questions of law may be raised at a general term: and, it would seem, the exceptions may be incorporated therein, and facts and conclusions of law, as we have seen, are now inserted (§ 264, 268). The phraseology is very much changed from that of the Code of 1848. And possibly the office of a case may have thus been changed in respect to taking a cause to the Court of Appeals; but, probably, the former discrimination, between case and a bill of exceptions, now called " exceptions," will still be made in that court (Livingston vs. Radcliff, 2 *Comst. R.* 189; *Code,* §§ 268, 264, 348. And see Borst vs. Spelman, 4 *Comst.* 284; Esterly vs. Cole, 4 *id.* 502). Section 264 implies that it may become necessary to separate exceptions, when incorporated in a case. The exceptions in both cases, provided for in § 268, are to be taken in the same manner as upon a trial by a jury. Certainly a party can not on many questions of law, as admissions of evidence, &c. &c., be allowed to except for the first time after judgment. The fair construction of that section is, that, as to all decisions made during the progress of the trial, the exceptions must be taken at the time, as on trials by a jury. But as to decisions upon matter of law, not made until after the cause is submitted, those may be excepted within ten days after notice of judgment. Thus should the judge, after taking time to make

a decision, grant or refuse a nonsuit: or allow or reject a claim or title, &c.; these come within the first part of the section, and the exception must be made within ten days after notice of judgment. If the exception be for some supposed error apparent on the record; that is, if any decision even on a trial of an issue of fact, be inconsistent with the pleading, I do not see why he may not except, without reference to any thing that transpired on the trial. But if the error is predicable only of something that took place there, I think the exception must still be accompanied with a history of so much of the trial as will make the exceptions apposite and intelligible, whether the exception be made before or after judgment.

If a case is made, that also is attached to the record, or may afterwards be annexed by the order of the court. And on appeal to the general term, as I understand sections 268 and 348, all questions properly raised, whether of law or of fact, to a certain extent, can there be examined.

In this case, the judge who tried the cause, before judgment, ordered a case made, containing the evidence. This was a precautionary measure, probably, as there seems to have been some doubt as to the mode of presenting testimony taken by the court orally, in old equity suits.

On the argument of this motion, I had some doubt whether the practice under the Code, applied to this case; but I am inclined to think it does. The act to facilitate the determination of existing suits, &c., passed April 12th, 1848, as well as the reenactment of that act, April 11th, 1849, applied sections to existing suits; though not those relating to trial by the court. Both acts recognized the right to a rehearing in equity suits. But in the revision of the Code in 1849, a title (§ 456–461), entitled "Provisions relating to existing suits," is added, further affecting existing suits. By the amendments of 1851, § 459, of the Code of 1849, is entirely changed; and it is declared that "the provisions of this act apply to future proceedings in actions or suits heretofore commenced and now pending," in the cases therein specified; and in fact, takes up every suit in its then present state. This amendment was passed a year after the last revision of the supplementary act, and if it applies only to suits

Gilchrist agt. Stevenson.

commenced under the Code, is supererogatory or senseless; for the Code applies to those of course (see Church agt. Rhoades, 6 *How. Pr. R.* 281, GRIDLEY, J.; *Whittaker's Prac.* 724, *et seq.*).

If this be so, this cause can not be reheard under the judiciary act, but can only go to the general term by appeal, as in other cases tried by the court. It follows too, that the practice under the Code of 1851, applies to this suit after that Code took effect, except as changed by the Code of 1852.

The papers do not show that the issues were not all found; nor do they state that defendant has made any effort to appeal; though I understood counsel, there was some understanding upon that subject. The exceptions do not seem to have been settled, but it is not pretended that there was any objection taken to them.

Under the circumstances of this case, I think, if the cause should be appealed after the exceptions are annexed, the court, at general term, would hear the argument upon the whole record, as if the exceptions had been incorporated into the case. If the cause should go farther, it will be for the court to decide, upon a proper application, whether the case and exceptions shall be incorporated into one bill of exceptions.

The exceptions must be annexed to the record, and the rest of the motion denied, without prejudice to defendant's right to move to turn the case into exceptions, after a decision by the general term.